OPINION OF THE COURT
Joseph S. Mattina, S.
This proceeding is to determine whether a child adopted-out as an infant has standing to object to probate of the will of his natural father.
The facts in the instant case are as follows: Donald H. Rockman died on October 4, 1988, leaving a will dated July 10, 1976. A petition for probate was filed with this court naming Donald R. Gambee as a natural child of the decedent, Donald H. Rockman. The decedent and the natural mother of Donald R. Gambee were married on August 2, 1952 and Donald Robert Rockman, a child of that marriage, was born *729 on May 29, 1953. The marriage was dissolved by a decree of annulment in September 1955. Subsequently, Lois Rockman married William Gambee and on September 1, 1965 an order of adoption was issued from Surrogate’s Court, Erie County, approving the adoption of Donald Robert Rockman by William A. Gambee and Lois V. Gambee and further ordering that the child be known by the name of Donald Robert Gambee.
The last will and testament of Donald H. Rockman dated July 10, 1976, makes the following specific bequest: "fourth: I give and bequeath to my son, donald r. gambee, the sum of TEN DOLLARS ($10.00).”
It is the intention of Donald Gambee to file objections to probate of the will dated July 10, 1976. The parties seek a determination whether he is a distributee and thereby has standing to object.
SCPA 1410 governs who may file objections to probate of an alleged will. The section provides that, "Any person whose interest in property or in the estate of the testator would be adversely affected by the admission of the will to probate may file objections to the probate of the will”.
In order to show that he is adversely affected by the decedent’s will, Donald Gambee must demonstrate he would be entitled to take from the estate if the will is set aside and the estate distributed under rules of intestacy. It is Donald Gambee’s position that because he is the decedent’s only child, and because the decedent was not survived by a spouse, he would be entitled to the full amount of the estate if the will is successfully contested.
In 1986 the Legislature amended the Domestic Relations Law to permit a person who had been adopted by a close natural relative to benefit under the will or inter vivos instrument of another close natural relative. Specifically under section 117 (1), an adopted person may benefit as a member of a class under the wills or inter vivos instruments of a natural relative if (1) such person would have been a member of such class prior to adoption, and (2) such person was adopted (i) by a stepparent who is married to a natural parent, (ii) by a natural grandparent, or (iii) by a descendant of a natural grandparent, and (3) the testator or creator is the natural grandparent of the adopted-out person or descendant of such grandparent.
After the 1986 amendments were enacted an inequity existed under the laws of intestate inheritance with respect to *730 children adopted by close family members or by stepparents. Since a primary function of the laws of descent and distribution is to distribute the estates of decedents who die intestate as they would have chosen to do had they anticipated death and executed a will, section 117 of the Domestic Relations Law was amended in 1987 to conform the intestate rights of such children to the rights of similarly situated persons under wills.
The pertinent provisions of Domestic Relations Law § 117 (1), as amended, provide:
"(e) Notwithstanding the provisions of paragraphs (a), (b) and (d) of this subdivision, as to estates of persons dying after the thirty-first day of August, nineteen hundred eighty-seven, if:
"(1) the decedent is the adoptive child’s natural grandparent or is a descendant of such grandparent, and
"(2) an adoptive parent (i) is married to the child’s natural parent, (ii) is the child’s natural grandparent, or (iii) is descended from such grandparent,
"the rights of an adoptive child to inheritance and succession from and through either natural parent shall not terminate upon the making of the order of adoption.”
It is this section which clearly authorizes Donald Gambee to take from the decedent, Donald H. Rockman, because (1) the decedent is descended from Donald Gambee’s natural grandparents (i.e., the son of those grandparents and Gambee’s father) and (2) an adoptive parent is married to the child’s natural parent (i.e., Gambee’s adoptive parent is his stepfather, who married his natural mother).
Accordingly, Donald R. Gambee is a distributee of the decedent, Donald H. Rockman, and would take under the rules of intestacy if the last will and testament dated July 10, 1976 is denied probate.
Wherefore, pursuant to SCPA 1410, Donald R. Gambee is hereby entitled to file objections to the probate of the will of Donald H. Rockman dated July 10, 1976.